IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 18-cv-01359-RBJ

KRYSTAL O'CONNELL,

    Plaintiff,

v.

HARRY ALEJO, former Alamosa County Sheriff's Office Sergeant,
MARCIA TUGGLE, former caseworker of the Alamosa Department of Human Services,
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ALAMOSA, COLORADO, and
ROBERT JACKSON, Sheriff of Alamosa County, Colorado,

    Defendants.

---

## ORDER

---

This matter is before the Court on ECF No. 98, plaintiff Krystal O'Connell's motion to reconsider this Court's March 16, 2020 order, ECF No. 92, on defendants Harry Alejo, Board of County Commissioners of the County of Alamosa, Colorado, Robert Jackson, and Marcia Tuggle ("defendants")'s motion for summary judgment, ECF No. 40. For the reasons discussed below, the motion is granted.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration. After judgment has entered in a case, such motions are "generally accepted and construed under Federal Rules of Civil Procedure 59(e) and 60(b)." *Montano v. Chao*, 07-CV-00735-EWN-KMT, 2008 WL 4427087, at *5 (D. Colo. Sept. 28, 2008). "On the other hand, where a party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and

1

60(b) do not apply." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 06-CV-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010). "Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Id.*

A motion to reconsider should only be granted following (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Lyons v. New Mexico Dep't of Corr.*, 12 F. App'x 772, 773 (10th Cir. 2001) (unpublished) (internal citation omitted). However, a motion to reconsider is not to be used to "reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding." *Jaffrey v. Portercare Adventist Health Sys.*, No. 15-CV-02297-NYW, 2017 WL 3437986, at *2 (D. Colo. Aug. 10, 2017).

**ANALYSIS**

This is a civil case arising out of the arrest, prosecution, and conviction of Ms. O'Connell for child abuse resulting in the death of her young son. ECF No. 1. Fourteen years after her conviction, Ms. O'Connell's conviction was overturned on the basis of ineffective assistance of counsel. She now seeks damages for violations of her rights that she alleges occurred during the investigation, arrest, and prosecution of her case. *Id.* Because of the complex factual and procedural history of this case, I will not repeat the lengthy discussion covered in my previous order. *See* ECF No. 92.

On March 16, 2020 this Court issued an order on defendants' motion for summary judgment, and in relevant part dismissed Ms. O'Connell's Fourth Amendment claim as time-

barred under *Wallace v. Kato*, 549 U.S. 384 (2007). ECF No. 92 at 14–15. Ms. O'Connell argues that the Court's decision conflicts with controlling law. ECF No. 98 at 2.

A. **Timeliness**

In *Wallace*, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397. In my previous order I concluded that "Ms. O'Connell was detained in February of 2003, and therefore her claim began to accrue on that date." ECF No. 92 at 15. Because Ms. O'Connell did not bring her Fourth Amendment claim within two years of that date, I dismissed her claim as time-barred. *Id.* In her response to defendants' motion Ms. O'Connell asserted that her claim was for malicious prosecution, and that under *Heck v. Humphrey*, 512 U.S. 477 (1994) it did not accrue until the date her conviction was overturned. ECF No. 52 at 19–20. I rejected this assertion because she presented no argument in support; because her complaint did not style the claim as malicious prosecution, but rather as "deprivation of liberty without probable cause," *see* ECF No. 1 at 21; and because her claim challenged the sufficiency of defendants' probable cause prior to her arrest rather than the manner of her prosecution. *Id.*

Ms. O'Connell argues that my ruling conflicts with controlling Tenth Circuit and Supreme Court law, specifically *Myers v. Koopman*, 738 F.3d 1190 (10th Cir. 2013), *as amended on denial of reh'g*, 738 F.3d 1190 (10th Cir. 2014), and *McDonough v. Smith*, 139 S. Ct. 2149 (2019). In *Myers* the Tenth Circuit held that what distinguishes a false imprisonment claim from a malicious prosecution claim is the "institution of legal process." 738 F.3d at 1194 ("Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims.

Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious prosecution claims."). In that case the court held that an arrest warrant constituted the institution of legal process. *Id.* at 1195. Thus, when the suspect was arrested on a faulty warrant his claim was one of malicious prosecution rather than false imprisonment.

In *McDonough*, an acquitted criminal defendant alleged that a prosecutor fabricated evidence against him and used it to secure a grand jury indictment. 139 S. Ct. at 2154. The Supreme Court held that the plaintiff's Fourth Amendment fabrication of evidence claim was analogous to malicious prosecution for the purposes of deciding when the claim began to accrue, because rather than attacking the "arrest only to the extent it was without legal process," it "center[ed] on evidence used to secure an indictment and at a criminal trial." *Id.* at 2159. The Court concluded that the statute of limitations began to run when the criminal proceedings terminated in his favor. *Id.* at 2161.

It is true that Ms. O'Connell challenges evidence used to secure an arrest warrant, rather than a grand jury indictment. However, I agree that under *McDonough* the inquiry should focus on whether the claim challenges defendants' probable cause for the arrest alone or for the initiation of criminal proceedings as a whole. *Id.* Here Ms. O'Connell's claim challenges the evidence used to secure her arrest warrant and the subsequent "institution and continuation of criminal proceedings against Plaintiff, without probable cause." ECF No. 1 at 21.

*Myers* compels the same conclusion more explicitly. Ms. O'Connell's claim challenges the falsity of evidence used to secure her arrest pursuant to an arrest warrant. Under *Myers*, the issuance of the arrest warrant amounts to the institution of legal process. *See* 738 F.3d at 1195. Because Ms. O'Connell challenges conduct following the institution of legal process, she states a malicious prosecution claim rather than a claim for false arrest or imprisonment. *See id.*

4

Defendants argue that any mistake of law was not a "manifest error" requiring reconsideration. ECF No. 116 at 2. I disagree. My previous order "misapprehended . . . the controlling law," specifically the application of *Myers'* "institution of legal process" rule to the instant case. *See Lyons*, 12 F. App'x at 773; *Myers*, 738 F.3d at 1194. I conclude that this Court erred in dismissing Ms. O'Connell's Fourth Amendment claim as time-barred. I must therefore evaluate defendants' other arguments for summary judgment on this claim that I have not already considered.

### B. Defendants' Alternative Arguments for Summary Judgment

Regarding Ms. O'Connell's Fourth Amendment claim, defendants' motion for summary judgment states only:

> As to Plaintiff's [Fourth Amendment claim] and [Fourteenth Amendment due process claim], "[t]he Constitution does not guarantee that only the guilty will be arrested." *Baker v. McCollan*, 443 U.S. 137, 145 (1979). To the extent Plaintiff's claims are based on being arrested without probable cause, her claim is time barred since her claim accrued when the unconstitutional action occurred on February 5, 2003. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Plaintiff was arrested pursuant to a warrant and police do not violate the Constitution when they arrest a person relying in good faith on a warrant that appears on its face to be valid even if later it proves to be deficient. *Baker v. McCollan*, 443 U.S. 137, 143–45 (1979).

ECF No. 40 at 13–14. The rest of the section presents arguments against Ms. O'Connell's due process claim. *Id.* at 14.

Defendants' concede that their motion raised only timeliness in support of summary judgment on Ms. O'Connell's Fourth Amendment claim. ECF No. 116 at 10. Defendants now rely on arguments raised in their reply, specifically, that Ms. O'Connell cannot show a lack of probable cause or that "the criminal case was terminated in her favor in a manner indicative of innocence." ECF No. 55 at 3–13.

Ms. O'Connell correctly notes that defendants may not make new legal arguments for the first time in their reply. "Consideration by the Court of issues raised for the first time in a reply brief 'robs the [other party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result.'" *Hubbard v. Nestor*, No. 16-CV-00444-CMA-STV, 2019 WL 339823, at *1 (D. Colo. Jan. 25, 2019) (quoting *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000)).

However, the Tenth Circuit has held that a reply does not raise new legal arguments when it points out defects in a response. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). Defendants assert that, rather than raise novel arguments, their reply addressed the assertion in Ms. O'Connell's response that her claim should be styled as one of malicious prosecution. ECF No. 116 at 10.[1]

I disagree. As defendants themselves explain, their reply arguments concern whether Ms. O'Connell has raised a genuine dispute of material fact about the elements of malicious prosecution. ECF No. 166 at 10–14. Defendants' motion did not address these issues, nor did Ms. O'Connell's response, which was appropriately confined to the timeliness issue. Her entire discussion of her Fourth Amendment claim was as follows:

> Plaintiff alleges that Alejo violated her Fourth Amendment not to be detained or deprived of liberty without probable cause. *See Pierce*, 359 F.3d at 1285–86 ("[t]he initial seizure is governed by the Fourth Amendment, but at some point after arrest, and certainly by the time of trial, constitutional analysis shifts to the Due Process Clause"); *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017); *Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008). There is sufficient evidence for a jury to conclude that Plaintiff was deprived of liberty without probable cause. . . . Alejo's only argument against Plaintiff's Fourth Amendment claim is that "her claim accrued when the unconstitutional action occurred on February 5, 2003."

---

[1] The parties have argued this issue previously in Ms. O'Connell's motion to strike these arguments from defendants' reply, ECF No. 57, and defendants' response to that motion, ECF No. 58. I denied Ms. O'Connell's motion after resolving the claims on other grounds. ECF No. 120.

> Dkt. 40 at 13.  This is wrong.  Alejo obtained Plaintiff's arrest with a warrant which contained falsehoods about Plaintiff's supposed inculpatory statements. . . . Plaintiff's Fourth Amendment malicious prosecution claim did not accrue until the favorable termination of Plaintiff's criminal proceedings on September 12, 2017.  *Myers v. Koopman*, 738 F.3d 1190, 1193-95 (10th Cir. 2013); *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); . . . Plaintiff filed suit on June 4, 2018, within two years of that date.

ECF No. 52 at 19–20.  In *Green*, the Tenth Circuit held that a defendant's reply "could point out the defects in [plaintiff's] response," including "why she had failed to establish a genuine issue of material fact."  420 F.3d at 1196–97.  However, in that case defendant's motion had challenged whether plaintiff raised a genuine dispute of material fact and therefore the reply could address that argument as well.  *See Green v. New Mexico Dep't of Labor*, No. CV 03-0154 JB/RHS, 2004 WL 7337823, at *10 (D.N.M. June 30, 2004), *aff'd sub nom. Green v. New Mexico*, 420 F.3d 1189 (10th Cir. 2005).  Here, defendants admit that their motion only argued timeliness, and I have concluded that Ms. O'Connell's response only addressed timeliness.  Therefore, I cannot consider defendants' arguments, newly made in their reply, that Ms. O'Connell failed to raise a genuine dispute of material fact.

Ms. O'Connell's motion for reconsideration with regard to the dismissal of her Fourth Amendment malicious prosecution claim is granted.

## ORDER

Plaintiffs' Motion for Reconsideration, ECF No. 98, is GRANTED.

DATED this 17th day of June, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge